**Woodrow Wilson RILEY, Plaintiff in Error,**

v.

**The STATE of Oklahoma, Defendant in Error.**

**No. A–13857.**

Court of Criminal Appeals of Oklahoma.

July 20, 1966.

Rehearing Denied Oct. 3, 1966.

Henry F. Featherly, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge.

Defendant was charged by information in the District Court of Canadian County with the crime of Manslaughter in the First Degree. He was tried by a jury who found him guilty of the included offense of Manslaughter in the Second Degree and on May 7, 1965, judgment and sentence was pronounced in accordance with the verdict of the jury, affixing his punishment at two years in the State Penitentiary at McAlester, Oklahoma. Thereafter, on November 5, 1965, an attempted appeal by transcript was lodged in this Court. No brief has ever been filed by the Plaintiff in Error within the time allowed by law, or any valid extension thereof. On the 16th day of December, 1965, the State filed a Motion to Dismiss this cause for the reasons:

1. That the transcript of the record attached to the Petition in Error failed to show that notice of intent to appeal was ever given in the trial court.

2. That all of the assignments of error alleged in the Petition in Error required consideration of the trial evidence or other matters not shown by transcript of the record.

 A hearing on the State's Motion to Dismiss was submitted on the 1st day of June, 1966. While the transcript does not reflect that notice of intention to appeal was ever given in the manner prescribed by law, we have nevertheless carefully considered said transcript under the provisions of 'Rule 9 of this Court which provide that:

> "When briefs are not filed, or when an appearance is not made, the cause will be submitted and examined for fundamental error only."

Finding the transcript free of fundamental error, we are of the opinion that the judgment and sentence appealed from should be and the same is hereby, affirmed.

NIX and BRETT, JJ., concur.